UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BRANDI CAMPBELL,

    Plaintiff,

v.

RCI HOLDINGS INC. d/b/a KAPPA KABANNA MEN'S CLUB ("KAPPA"),

    Defendant.

CASE NO. 1:22-cv-1242

**COMPLAINT**

I. **INTRODUCTION**

    1.    Plaintiff Brandi Campbell brings this action against RCI Holdings Inc. d/b/a Kappa Kabanna Men's Club (the "Kappa"), an adult entertainment strip club located at 906 Dixon Ave. Kappa, Illinois. As described further below, Kappa has misclassified Campbell as an independent contractor rather than employee under federal and state law. Campbell was paid only by receiving tips from customers, which she was required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool.

    2.    Plaintiff brings this action against Defendant for not paying minimum wage as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and for taking a portion of her tips and allowing and requiring her to share her tips with individuals not eligible to share in a tip pool. Plaintiff originally attempted to bring this claim in arbitration, but Kappa failed to participate in the arbitration and refused to

1

provide Plaintiff with a copy of her contract, thereby sabotaging Plaintiff's efforts to arbitrate. As such, Defendant has waived its right to arbitrate, and Plaintiff seeks to proceed in court instead.

3. Plaintiff also brings claims against Defendant for violations of Illinois state wage law including: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* by failing to pay her the required state minimum wage; and (2) the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1, *et seq.* by taking deductions from her pay and requiring her to share their tip earnings with other individuals.

## II. PARTIES

4. Plaintiff Brandi Campbell is an adult resident of Champaign, Illinois. She worked at Kappa Men's Club as an exotic dancer from approximately October 2021 to February 2022.

5. Defendant RCI Holdings Inc. d/b/a Kappa Kabanna Men's Club (the "Kappa"), is a Delaware corporation, which owns and operates a gentleman's club whose principal place of business is located at 906 Dixon Ave. Kappa, IL.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

7. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's supplemental state law claims, which are brought pursuant to the laws of the State of Illinois, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because

Defendant is located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiff's claims were committed within this judicial district.

## IV. STATEMENT OF FACTS

9. Kappa Men's Club has misclassified its exotic dancers, including Plaintiff Brandi Campbell, as independent contractors, when in reality they are employees.

10. Kappa Men's Club has exercised extensive control over the manner in which its exotic dancers like Campbell perform their jobs and conduct themselves while on the club's premises. For example, dancers are required to wear heels while performing. Dancers are also generally required to dance on stage for two to three songs at a time. Kappa also required Ms. Campbell to clock in before working, and clock out at the end of her shift. She must ask a manager's permission before clocking in and clocking out, and also had to check in and out with the DJ. The Club used two methods for timekeeping. The first required Ms. Campbell to have her fingerprints collected and/or captured so that Club could store her fingerprint and use her fingerprint for timekeeping purposes. The Club also used the last four digits of her social security number for timekeeping purposes. Additionally, Kappa set the minimum price that Ms. Campbell and other dancers could charge customers for private dances Furthermore, the dancers have no control over the customer volume, advertising, or atmosphere at the Club, which is controlled by Kappa. Kappa retains the power to hire and fire the exotic dancers.

11. At all relevant times, Campbell has not held herself out to be in business for herself. Instead, she and other dancers are economically dependent on their relationship with Defendant for a substantial portion of their earnings.

12. In addition, Kappa Men's Club is in the business of providing adult entertainment to its patrons. Its website homepage advertises that "Daytime action consists of an array of sexy ladies and incredible values on drinks. Once the sun goes down we turn it up a notch with even more gorgeous entertainers and shot specials." Similarly, its Facebook page advertises "We've got the hottest girls dancing to the latest hits", and "Come and watch our entertainers perform all night until 4AM." Thus, the dancers clearly perform services in the usual course of Kappa's business, and without the dancers, Kappa would have no business, such that the dancers' work is integral to Kappa's business.

13. At all relevant times, the federal minimum wage has been $7.25 per hour.

14. At all times while Plaintiff worked for Defendant, the minimum wage in Illinois was between $11 and $12 per hour.

15. Defendant did not pay Plaintiff the prevailing minimum wage.

16. While working at Kappa Men's Club, Plaintiff received compensation only in the form of gratuities from patrons.

17. In order to perform her job, Plaintiff was required to pay "promo fees" to Kappa in an amount of $17 for every shift.

18. Campbell also was required to share her tips with managers and with non-service employees or agents of the Kappa, such as disc jockeys and security.

19. Campbell also had 20% of all of her credit card tips confiscated by Defendant through the imposition of a 20% surcharge on all credit card transactions.

20. Kappa forced Ms. Campbell and its other dancers to sign contracts (which she believes include a mandatory arbitration provision and class/collective action

waiver) that misclassified them as independent contractors. Kappa refused to provide Ms. Campbell with a copy of such contract, even after she repeatedly requested it.

21. Ms. Campbell first attempted to initiate this suit in arbitration before the American Arbitration Association ("AAA") on February 23, 2022. On March 8, 2022, the AAA reached out to request a copy of Ms. Campbell's contract with Kappa. Campbell and her counsel again requested a copy of the contract and provided Defendant with a copy of the AAA's request. The AAA followed up again, requesting that the contract had to be received by March 25, 2022, or the case would be closed. Because Kappa has refused to provide Ms. Campbell with a copy of her contract (and has refused to substantively respond to the AAA's repeated requests for its cooperation), Campbell's arbitration has been closed.

22. Defendant Kappa has waived any right it may have had to arbitrate Ms. Campbell's claims against it. *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010, 1012 (9th Cir. 2005); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1288–89, 1299 (10th Cir 2015.), *cert. denied*, 136 S. Ct. 373 (2015); *Stanley v. A Better Way Wholesale Autos, Inc.*, 2018 WL 3872156, at *7 (D. Conn. Aug. 15, 2018) (finding waiver of arbitration where defendants failed to pay AAA fees or respond to AAA notices); *Garcia v. Mason Contract Prod., LLC*, 2010 WL 3259922, at *1 (S.D. Fla. Aug. 18, 2010); *Spano v. V & J Nat'l Enterprises, LLC*, 2017 WL 3738555, at *12 (W.D.N.Y. Aug. 30, 2017); *Nadeau v. Equity Residential Props. Mgmt. Corp.*, 2017 WL 1842686 (S.D.N.Y. May 5, 2017); *Campbell v. Marshall Int'l LLC, et al.*, Civ. A. No. 1:20-cv-05321, ECF No. 16 (N.D. Il. July 23, 2021). As such, Plaintiff is now re-filing her claims in this court.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

23. Defendant Kappa Men's Club is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. §203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce as it is an enterprise whose employees engage in commerce, including entertainment as well as the sale of food and non-alcoholic beverages.

24. Defendant Kappa Men's Club is also an "employer" for purposes of the Fair Labor Standards Act because Plaintiff was individually engaged in commerce. For example, Plaintiff (and the Club's other exotic dancers) were required by Defendant to dance to music that was streamed and/or downloaded from the internet. Additionally, Plaintiff (and the Club's other exotic dancers) purchased and used stage attire, makeup, and shoes for their performances that had traveled though interstate commerce.

25. Plaintiff is an employee of Defendant for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendant has failed to pay Plaintiff an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

26. Further, Defendant is not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because it did not provide the required notice to Plaintiff in order to take the tip credit and because she has not been allowed to retain all tips she received, but instead was required to share her tips with other employees or agents of Defendant who are not

among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

27. Plaintiff is entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendant to compensate Plaintiff at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendant knew or should have known that Plaintiff was being improperly misclassified as an independent contractor given the wealth of case law that has concluded similarly situated exotic dancers are employees of the clubs for which they work.

28. Plaintiff is also entitled to liquidated damages equal to the amount of unpaid minimum wages due to her under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Minimum Wage, 820 ILCS § 105/1, *et seq*.

29. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

30. At all relevant times, Defendant was an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

31. Plaintiff was not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during her employment with Defendant.

32. Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiff was entitled to be compensated at the applicable state minimum wage rate for all hours worked.

33. Defendant's willful conduct in failing to ensure Plaintiff received the Illinois state minimum wage constitutes a violation of 820 ILCS § 105/1, *et seq.*

## COUNT III
**Failure to Pay Wages and Illegal Deductions 820 ILCS § 115, *et seq*.**

34. At all relevant times, Plaintiff was an "employee" of Defendant as defined by the IWPCA.

35. At all relevant times, Defendant was an employer of Plaintiff as defined by the IWPCA.

36. Defendant has violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 et seq., by misclassifying Plaintiff as an independent contractor, and by requiring her to pay fees in order to perform her job (such as house fees and "promo" fees), taking a portion of her credit card tips by imposing a 20% surcharge on all credit card transactions, and requiring her to make payments to other individuals (such as disc jockeys, and bouncers), which constitute unlawful deductions.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a. A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiff of her right to such compensation;

b. A declaratory judgment that the Plaintiff is an employee, not an independent contractor under both the FLSA and Illinois state law;

c. An order requiring Defendant to provide a complete and accurate accounting of all the wages to which Plaintiff is entitled;

  d. An award of monetary damages to Plaintiff in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

  e. An award of monetary damages to Plaintiff in the form of back pay for unpaid minimum wages, together with treble damages, and statutory damages pursuant to the formula set forth in the IMWL;

  f. An award of damages for all wages, deductions, and statutory damages pursuant to the formula set forth in the IWPCA;

  g. An award of prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

  h. Attorneys' fees and costs; and

  i. Such further relief as the Court deems just and proper.

          Respectfully submitted,

          BRANDI CAMPBELL, individually and on behalf of all others similarly situated,

          By their attorneys,

           *s/ Adelaide Pagano*
          Adelaide Pagano
          LICHTEN & LISS-RIORDAN, P.C.
          729 Boylston Street, Suite 2000
          Boston, MA 02116
          Tel. (617) 994-5800
          Fax (617) 993-5801
          Email: apagano@llrlaw.com

          Bradley Manewith, #06280535
          Marc Siegel, #06238100
          James Rogers, #06324570
          Siegel & Dolan Ltd.
          150 North Wacker Drive, Suite 3000
          Chicago, IL 60606

                        Tel. (312) 878-3210
                        Fax (312) 878-3211
                        Email:  bmanewith@msiegellaw.com
                                       msiegel@msiegellaw.com
                                       jrogers@msiegellaw.com

Dated:  July 21, 2022